IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHAVONNA ADAMS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:24-CV-00630-DGK |
| CITY OF KANSAS CITY, MISSOURI, | ) ) ) | |
| Defendant. | ) | |

**ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT**

This is a wage and hour dispute. Plaintiffs Chavonna Adams, Jennifer Churchill, Ronnetta Gause, Denise Murphy, Robert Peters, Julia Venerable, and Debra Townsend all worked as medical billing employees for the Defendant City of Kansas City, Missouri. They allege that between January 1, 2021, through December 31, 2024, Defendant failed to properly and completely pay them for their overtime work. To recoup these allegedly unpaid wages, Plaintiffs filed a multi-count lawsuit in the Circuit Court of Jackson County, Missouri, alleging claims under state law as well as the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Defendants removed the case here based on federal question jurisdiction, ECF No. 1, and Plaintiffs dismissed all their claims except for the FLSA claim and a breach of contract claim, ECF Nos. 57, 59.

Now before the Court is Plaintiffs' Amended Motion for Approval of an FLSA Settlement. ECF No. 68. Plaintiffs seek approval of the settlement terms as fair and reasonable and authorize dismissal of this action with prejudice. Defendant has not opposed the motion.

For the reasons discussed below, the motion is GRANTED. The Court approves this FLSA settlement and directs the parties to make distributions in accordance with the terms of the

settlement agreement. The parties shall file a status report on the disbursements every forty-five (45) days until they are complete. Once they are complete, the Court will dismiss this case.

Plaintiffs' motion for approval is exemplary. It cites the most relevant controlling and persuasive authority, and it provides all the necessary information for the Court to assess the fairness and reasonableness of the settlement and attorneys' fees. The Court does not provide all that detail here because it is contained in the well-drafted and supported motion for approval.

In short, the Court finds that Plaintiffs have met all the requirements for approval. First, the Court finds that this is a bona fide wage and hour dispute over whether—and if so, to what extent—Defendant may have underpaid Plaintiffs for all the hours they worked in the medical billing department. *See Krott v. New Directions Behav. Health, L.L.C.*, No. 4:19-CV-00915-DGK, 2022 WL 130978, at *2 (W.D. Mo. Jan. 13, 2022) (listing factors to consider in whether bona fide dispute exists). The settlement terms are also fair and reasonable. *See Id.* at 2–3* (listing reasonableness factors). Plaintiffs are recovering $55,768.94 in overtime wages and liquidated damages, which appears to be the full amount of damages discovered and calculated by Plaintiffs' counsel. They are also recovering $1,000 each for an FLSA retaliation claim they did not bring—but could have brought—in this case. This resolution was achieved after significant written discovery, lengthy and in-depth data discovery, some motion practice, and an arms-length mediation with an experienced mediator. And unlike other settlements the Court has reviewed, there are no signs here of any type of collusion (e.g., no clear sailing provision, no reversion, no confidentiality provisions, no attorneys' fees that dwarf the clients' recovery, etc.).

Third, the Court finds that Plaintiffs' counsel's fees and cost requests are fair and reasonable under the circumstances. *Id.* at *3 (approving plaintiffs' counsels fees that were more than the plaintiffs' recovery). Plaintiffs' counsel seeks $55,000 in attorneys' fees and $1,800.71

in costs. Although the fees may seem high when compared to the recovery for her clients, the requested attorneys' fees are an over 50% reduction of Plaintiffs' counsel's lodestar amount of $114,813.75 for the 306 hours she invested in this case. This reduction leads to a very reasonable hourly rate of around $180 per hourly, well below the prevailing market rate for an attorney in this type of case. And counsel spent her time well, collecting and analyzing the transactional data to maximize her clients' recovery. The attorneys' fees were also negotiated separately.

Fourth, the Court finds that the release here is not overly broad. The settlement releases only the wage and hour and breach of contract claims they brought or could have brought for work during the relevant period as well as the retaliation claim they could have brought. Plaintiffs have also received compensation for these claims in the settlement. Unlike the overbroad releases the Court sees in most cases, this one does not seek to release every claim that Plaintiffs may have against Defendant in perpetuity or release claims that Plaintiffs did not receive compensation for. In fact, Plaintiffs' counsel withdrew her first motion for approval before the Court had addressed it to provide more time for the parties to narrowly tailor the release language. The extra time and care taken to preserve any future claims that are not subject to this litigation further suggests that counsel did not sell out the collective action members to benefit herself.

For these reasons, the Court approves this FLSA settlement and directs the parties to make distributions in accordance with the terms of the settlement agreement. The parties shall file a status report on the disbursements every forty-five (45) days until they are complete. Once they are complete, the Court will dismiss this case.

**IT IS SO ORDERED.**

Date:   August 20, 2025                                           /s/ Greg Kays
                                                                  GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT